IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHERIF AHMED ALY IBRAHIM, | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 18-4164 |
| | : | |
| DEPARTMENT OF STATE USCIS, | : | |
|     Defendant. | : | |

**MEMORANDUM**

**KEARNEY, J.**                                                                                                                                                     September 28, 2018

      Sherif Ahmed Aly Ibrahim sues the Department of State's United States Citizenship and Immigration Services ("USCIS") challenging its denial of his and his wife's applications for lawful permanent resident status.[1] He also moves for leave to proceed *in forma pauperis*.[2] In the accompanying Order, we grant Mr. Ibrahim leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend on his behalf but not for his wife.

**I.    Allegations**

      Mr. Ibrahim alleges the United States denied he and his wife lawful permanent residency on September 28, 2017.[3] The Department of State had "confirmed that there [was] a visa ready for [him] to adjust status."[4] However, "when [he] went to the adjustment steps and paid all the money needed and prepared all the paperwork[] and got accepted in the USCIS interview they said something which isn't in any law-books and denied it for giving the visa to someone else."[5] Mr. Ibrahim seeks "[a]ll [he] need[s] is [his] legal right of the permanent residency."[6]

## II. Analysis

We grant Mr. Ibrahim leave to proceed *in forma pauperis* because it appears he is incapable of paying the fees to commence this civil action. Under 28 U.S.C.§ 1915(e)(2)(B)(ii), we must dismiss the Complaint if Mr. Ibrahim fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[7] We must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[8] Conclusory allegations do not suffice.[9] "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[10] As Mr. Ibrahim is proceeding *pro se*, we construe his allegations liberally.[11]

## III. Analysis

### A. We dismiss claims brought on behalf of Mrs. Ibrahim by her husband.

Mr. Ibrahim appears to allege the USCIS wrongfully denied him and his wife lawful permanent resident status. As a non-attorney proceeding *pro se*, Mr. Ibrahim may not represent his wife or raise claims on her behalf.[12] In the accompanying Order, we dismiss claims raised on Mr. Ibrahim's wife's behalf without prejudice for her to file suit if warranted.

### B. We lack jurisdiction to review denial of lawful permanent resident status.

If Mr. Ibrahim is only asking for us to review the United States' denial of lawful permanent residency, this Court lacks jurisdiction to do so. The Immigration and Nationality Act ("INA"),[13] "precludes judicial review of certain types of immigration decisions that involve the exercise of the Agency's discretion."[14] The relevant statute provides:

> Notwithstanding any other provision of law (statutory or nonstatutory, including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless

of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—

> **(i)** Any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>
> **(ii)** Any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.[15]

Section 1255 defines the criteria for adjusting the status of an individual to a person admitted for permanent residence.[16] If Mr. Ibrahim is solely seeking review of a denial of lawful permanent resident status under Section 1255, we lack jurisdiction to do so.

Mr. Ibrahim does not plead facts demonstrating the United States denied him lawful permanent residence status. We cannot discern whether he may be raising claims for relief over which we enjoy jurisdiction. But in light of Mr. Ibrahim's *pro se* status, we grant him leave to file an amended complaint if he can plead specific facts demonstrating a claim for relief over which we may exercise jurisdiction.

### III. Conclusion

In the accompanying Order, we grant Mr. Ibrahim leave to proceed *in forma pauperis* but must dismiss his Complaint without prejudice to file an amended complaint if he can plead a claim within our jurisdiction.

[1] ECF Doc. No. 2.

[2] ECF Doc. No. 1.

[3] ECF Doc. No. 2, p. 3.

[4] *Id.*

[5] *Id.*

[6] *Id.* at 4.

[7] *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[9] *Id.*

[10] Fed. R. Civ. P. 12(h)(3).

[11] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[12] *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim (quotations omitted)); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (holding that a non-attorney parent could not proceed *pro se* on behalf of his children in federal court); *People ex rel. Snead v. Kirkland*, 462 F. Supp. 914, 917-18 (E.D. Pa. 1978) (*pro se* plaintiff may represent himself with respect to his individual claims, but cannot act as an attorney for others in a federal court).

[13] 8 U.S.C. §§ 1101 *et seq.*

[14] *Elfeky v. Johnson*, 232 F. Supp. 3d 695, 703 (E.D. Pa. 2017).

[15] 8 U.S.C. § 1252(a)(2)(B).

[16] *See generally* 8 U.S.C. § 1255.