IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHERIF AHMED ALY IBRAHIM,** Plaintiff, | : : : | **CIVIL ACTION** |
| v. | : : | **NO. 18-4164** |
| **DEPARTMENT OF STATE,** *et al.*, Defendants. | : : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                          **October 30, 2018**

Sherif Ahmed Aly Ibrahim *pro se* sues the Department of State's United States Citizenship and Immigration Services ("USCIS") challenging its denial of his and his wife's applications for lawful permanent resident status.[1] We earlier granted Mr. Ibrahim leave to proceed *in forma pauperis* and dismissed his Complaint[2] finding Mr. Ibrahim could not represent his wife or raise claims on her behalf.[3] We also held we lacked jurisdiction under 8 U.S.C. § 1252(a)(2)(B) to the extent Mr. Ibrahim asks us to review the United States' denial of lawful permanent residency.[4] In light of Mr. Ibrahim's *pro se* status, we granted him leave to file an amended complaint "if he [could] plead specific facts demonstrating a claim for relief over which we may exercise jurisdiction."[5] Mr. Ibrahim timely filed an Amended Complaint.[6] But he does not state a claim. Mr. Ibrahim's Amended Complaint fails to state a claim upon which the Court can grant relief. We dismiss the Amended Complaint in the accompanying Order.

**I.    Alleged facts**

Mr. Ibrahim "paid about $5000 to adjust status" because the Department of State "confirmed there is a visa ready for [him]."[7] After a "long time waiting," the Department of State "sent [him] a denial letter [on September 28, 2017] as they ran out of visas."[8] As relief, he

wants the Department of State and USCIS "to give [him] back all the money [he] spent on their fraud visa."[9]

## II. Analysis

As we previously granted Mr. Ibrahim leave to proceed *in forma pauperis*, we must dismiss his Amended Complaint if he fails to state a claim.[10] Whether his amended complaint fails to state a claim is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[11] We must determine whether the amended complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[12] Conclusory allegations do not suffice.[13] As Mr. Ibrahim is proceeding *pro se*, we construe his allegations liberally.[14]

Mr. Ibrahim wants the Department of State and USCIS "to give [him] back all the money [he] spent on their fraud visa."[15] He does not plead a statutory right affording such relief. Because Mr. Ibrahim essentially wants us to direct the Department of State and USCIS to return his money, we construe his Amended Complaint as seeking a writ of mandamus.[16]

Mandamus relief is "only available to compel 'a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion.'"[17] Nothing in the Amended Complaint suggests the Department of State and USCIS are required to refund money when an application for adjustment of status is denied.[18] We cannot find case law or other legal basis suggesting such a duty. Absent such a remedy, we cannot enter the requested writ of mandamus.[19]

## III. Conclusion

We dismiss Mr. Ibrahim's Amended Complaint in the accompanying Order. As we already afforded Mr. Ibrahim an opportunity to amend, he has not plead a plausible claim for

2

relief, and we can find no basis to order the United States to refund his alleged fees paid to someone, further attempts to amend would be futile.

---

[1] ECF Doc. No. 2.

[2] ECF Doc. Nos. 4, 5.

[3] ECF Doc. No. 4 at 2.

[4] *Id.* at 2-3.

[5] *Id.* at 3.

[6] ECF Doc. No. 7.

[7] ECF Doc. No. 4 at 3.

[8] *Id.*

[9] *Id.* at 4.

[10] 28 U.S.C. § 1915(e)(2)(B)(ii).

[11] See *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[13] *Id.*

[14] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[15] ECF Doc. No. 7 at 4.

[16] *See* 28 U.S.C. § 1361 ("[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff").

[17] *United States ex rel. Vaso v. Chertoff*, 369 F. App'x 395, 400 (3d Cir. 2010) (quoting *Harmon Cove Condominium Ass'n, Inc. v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987) (internal quotation marks and citation omitted)).

[18] Nothing suggests Mr. Ibrahim paid $5,000 to the United States and to the extent Mr. Ibrahim seeks a refund of attorney's fees, we express no opinion on this remedy.

---

[19] We cannot discern another basis for a claim for relief from the Amended Complaint. As we previously explained to Mr. Ibrahim, we lack jurisdiction under 8 U.S.C. § 1252(a)(2)(b), to review a denial of lawful permanent resident status.